# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4217

_____

Tommie E. Mason,                                    *
                                                    *
                    Appellant,                      *
                                                    *
        v.                                          *
                                                    *
Marvin Evans, Warden, East Arkansas                 *
Regional Unit, Arkansas Department                  *
of Correction; Kelly, Building Major,               *   Appeal from the United States
East Arkansas Regional Unit,                        *   District Court for the Eastern
Arkansas Department of Correction;                  *   District of Arkansas.
McGee, Supervisor, East Arkansas                    *
Regional Unit, Arkansas Department                  *        [UNPUBLISHED]
of Correction; C. L. Hopkins,                       *
Classification Officer, East Arkansas               *
Regional Unit, Arkansas Department                  *
of Correction; David Guntharp, Deputy               *
Assistant Regional Director, East                   *
Arkansas Regional Unit, Arkansas                    *
Department of Correction,                           *
                                                    *
                    Appellees.                      *

_____

Submitted:  September 7, 2000

Filed:  September 14, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Tommie E. Mason filed a civil rights complaint claiming defendant prison officials denied Mason due process by removing him from the prison's general population and housing him in a "max setting" without a hearing. The district court dismissed the complaint without prejudice before service, and Mason appeals. After reviewing the record, we agree with the district court that Mason failed to demonstrate a liberty interest entitling him to due process, because his confinement under the conditions he described does not constitute an atypical and significant hardship upon him beyond the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.